UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PHILIP G. NERI,                                          :
                                                         :
                    Petitioner,                          :          Civ. No. 14-7656 (RBK)
                                                         :
        v.                                               :
                                                         :
ROBERT BEUCHELE, et al.,                                 :          **OPINION**
                                                         :
                    Respondents.                         :
                                                         :

**ROBERT B. KUGLER, U.S.D.J.**

## I.        INTRODUCTION

Petitioner is proceeding *pro se* with an amended petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 that challenges his parole revocation proceedings. For the

following reasons, the amended habeas petition will be denied without prejudice as unexhausted.

## II.       BACKGROUND

In 2007, petitioner pled guilty to third-degree attempted endangering the welfare of a

child in state court. In light of this conviction, petitioner received a prison sentence as well as

parole supervision for life. By August, 2014, petitioner was no longer incarcerated. However, at

that time, he was given a notice of a probable cause hearing for violating the terms of his parole.

The notice indicated that petitioner violated the terms of his parole by accessing and viewing

sexually orientated material and using a computers and/or device to create a social networking

profile. (*See* Dkt. No. 18-1 at p.10) On September 10, 2014, petitioner was provided with a

probable cause hearing. On October 29, 2014, a parole board panel reviewed the hearing

officer's summary report as well as petitioner's response to the report and adopted the hearing

officer's finding that probable cause existed that petitioner violated the two conditions of his

parole stated above.

A final parole revocation hearing was conducted on December 16, 2014. On February 5,

2015, a two-member parole board panel found by clear and convincing evidence that petitioner

had violated his parole condition that prohibited petitioner from using a computer to create a

social networking profile.[1] (*See* Dkt. No. 18-1 at p.51) The panel revoked petitioner's parole and

ordered petitioner to serve a fourteen-month prison term. (*See id.*) Petitioner did not appeal this

determination.[2]

In December, 2014, this Court received petitioner's original habeas petition that he filed

pursuant to 28 U.S.C. § 2254. However, this action was administratively terminated because

petitioner failed to file his habeas petition on the proper form. Thereafter, this Court received

petitioner's amended habeas petition on the proper form on January 6, 2015. (*See* Dkt. No. 6)

The petition raises multiple claims related to his parole revocation proceedings. Amongst the

claims that petitioner raises is that his due process rights and right to be free from malicious

prosecution have been violated.

Respondent has filed a response to the habeas petition. Respondent asserts that the habeas

petition should be denied because it is unexhausted and/or because there is no federal

---

[1] The panel did not sustain the charge that petitioner had violated his parole by accessing and
viewing sexually orientated material.

[2] As petitioner's parole revocation proceedings were proceeding, he filed an emergent motion
with the New Jersey Superior Court Appellate Division. In this motion, petitioner argued that his
parole revocation hearing had been unreasonably delayed. (*See* Dkt. No. 18-1 at p.24-29) On
January 15, 2015, or before final disposition of petitioner's parole revocation proceedings by the
parole board, the Appellate Division denied petitioner's emergent motion for release from
custody for failure to conduct hearings. (*See id.* at p. 48-49) The Appellate Division found that
any delay in the hearing process was due to petitioner or his counsel's requests, so there was no
due process violation in the delay. (*See id.* at p.49)

constitutional right to parole and the decision to revoke parole was neither contrary to clearly established federal law nor based upon an unreasonable determination of the facts.

### III.    DISCUSSION

A state prisoner applying for a writ of habeas corpus under § 2254 in federal court must first "exhaust the remedies available in the courts of the State," unless "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petitioner must exhaust state remedies by fairly presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). "A petitioner can 'fairly present' his claims through: (a) reliance on pertinent federal cases; (b) reliance on state cases employing constitutional analysis in like fact situations; (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Nara v. Frank*, 488 F.3d 187, 198 (3d Cir. 2007) (citing *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)) (footnote omitted). "Even if a state court refuses the claim on procedural grounds, it is still exhausted as long as the state court had the opportunity to address

it." *Id.* (citing *Bond v. Fulcomer*, 864 F.2d 306, 309 (3d Cir. 1989); *Pursell v. Horn*, 187 F. Supp. 2d 260, 2288 (W.D. Pa. 2002)).

The two-member panel of the parole board issued its decision on February 5, 2015. New Jersey Court Rule 2:2-3(a)(2) provides that a final decision of any state administrative agency is reviewable, as of right, by the Appellate Division. *See* N.J. CT. R. 2:2-3(a)(2). "The Parole Board is an administrative agency whose final decisions may be appealed to the Appellate Division within the meaning of Rule 2:2-3(a)(2)." *Jones v. Hayman*, No. 06-5725, 2008 WL 2788403, at *4 (D.N.J. June 16, 2008) (citing *Trantino v. N.J. State Parole Bd.*, 166 N.J. 113, 172-73 (2001); *In re Hawley*, 98 N.J. 108, 112 (1984)).

Petitioner has not exhausted his state court remedies. Indeed, it appears he never appealed the parole board's decision to revoke parole to the Appellate Division. Petitioner did file an emergent motion to the Appellate Division that his parole revocation proceedings violated due process due to delay while his parole revocation proceedings were ongoing. However, even assuming *arguendo* that this motion could be perceived as petitioner exhausting such a claim, it does not appear that petitioner ever appealed the Appellate Division's denial of this motion to the New Jersey Supreme Court. Therefore, such a claim was never fully exhausted. Furthermore, petitioner's other claims were also clearly not exhausted as petitioner did not appeal to the Appellate Division after his parole was revoked in February, 2015. Accordingly, for these reasons, the habeas petition will be denied without prejudice as unexhausted.[3] *See, e.g.*, *Banks v.*

---

[3] While not raised as an issue by petitioner, this Court finds that staying this action pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) is not warranted. In *Rhines*, the United States Supreme Court noted as follows:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court

*Horn*, 126 F.3d 206, 211 (3d Cir. 1997) ("[I]n the absence of a state court decision indicating that a habeas corpus petitioner is clearly precluded from state court relief, the district court should dismiss the claim for failure to exhaust even if it is not likely that the state court will consider petitioner's claim on the merits."); *Swan v. Coupe*, 967 F. Supp. 2d 1008, 1011 (D. Del. 2013) ("Generally, a federal court will dismiss a habeas application consisting entirely of unexhausted claims without prejudice in order to give a petitioner an opportunity to present the unexhausted claims to the state courts.") (citing *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000)); *see also Alford v. Ellis*, No. 15-3783, 2015 WL 4561281, at \*2-3 (D.N.J. July 28, 2015) (dismissing habeas petition without prejudice that brought claims regarding parole revocation proceedings because petitioner failed to exhaust his claims). Because petitioner's claims are plainly unexhausted, this Court need not consider respondent's alternative argument that the amended habeas petition can be denied on the merits as well.

## IV.    REQUEST FOR THE APPOINTMENT OF COUNSEL

Petitioner seeks the appointment of counsel in this habeas action. (*See* Dkt. No. 11) Petitioner does not have a right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require ..." In *Reese*, the Third Circuit

---

determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines,* 544 U.S. at 277. Petitioner has not shown good cause for why he failed to exhaust his claims in state court prior to bringing this federal habeas action. Therefore, a *Rhines* stay is not warranted.

explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64.

The appointment of counsel is not warranted in this case. As described above, petitioner's amended habeas petition is being denied because he has failed to exhaust his state court remedies.

## V.      CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2254(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## VI.    CONCLUSION

For the foregoing reasons, petitioner's request for the appointment of counsel is denied.

The amended habeas petition will be denied without prejudice as unexhausted and a certificate of

appealability shall not issue. An appropriate order will be entered.


DATED:  November  7, 2016                    s/Robert B. Kugler
                                             ROBERT B. KUGLER
                                             United States District Judge